**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES *ex rel.* | : | CIVIL ACTION FILE |
| SCOTT POGUE | : | NO. 99-3298 (RCL) |
| | : | |
| Plaintiff and Relator, | : | (Part of 2001-MS-50)(RCL) |
| | : | |
| v. | : | JUDGE ROYCE C. LAMBERTH |
| | : | |
| DIABETES TREATMENT CENTERS | : | |
| OF AMERICA, *et al.,* | : | |
| | : | |
| Defendants. | : | |

**RELATOR'S SUR-REPLY TO DEFENDANT
DTCA'S MOTION FOR JUDGMENT ON THE PLEADINGS AND
MEMORANDUM IN SUPPORT OF ALTERNATIVE MOTION TO GRANT
LEAVE TO FILE OPPOSITION TO THAT MOTION *INSTANTER***

Relator respectfully submits this sur-reply to demonstrate that, contrary to DTCA's claim in its reply memorandum, Relator's response to DTCA's motion for judgment on the pleadings was timely filed.   Relator filed his response within the 45 days agreed to by the parties in their motion for extension of time filed on February 21, 2006 (Doc. 1140).  The following history of events demonstrates that Relator's response was timely.  Should the Court disagree, however, Relator respectfully asks that the Court grant leave to file *instanter* Relator's opposition, as Relator's brief was filed in the good-faith belief that the parties had agreed to a schedule which incorporated extended opposition and reply periods.

On February 21, 2006, the parties jointly submitted a motion asking that the Court amend the Scheduling Order.  In that motion, the parties agreed that

> **Relator and Defendants also determined that additional time is needed for the filing and briefing of dispositive motions.  The additional time is necessary because of the scope and breadth of the claims in this matter that will be addressed in**

> **dispositive motions.  Relator and Defendants agree that approximately 35 additional days for the filing of responses to dispositive motions and approximately 25 additional days for the filing of replies to dispositive motions would be sufficient.**

Doc. 1140.

This extended briefing schedule obviously included periods longer than the 10-day response and five-day reply periods in the local rules.     That the parties both understood and agreed to this proposed schedule was confirmed in the calendar set forth in the agreed motion, which specified dates allowing for 45 days to respond to the filing of dispositive motions and 30 days to file replies. Proposed schedule, Doc. 1140-1 at 2.  The joint motion requested other modifications to the scheduling order, including amended expert discovery deadline of April 15, 2006 and an amended dispositive motion deadline of June 15, 2006 (Doc. 1140 at 2).

Based on that agreed motion, the original deadline for filing dispositive motions passed on April 1, 2006 without either party filing motions (Doc. 1114, Scheduling Order).  Although the Court did not issue an Order regarding the agreed motion, both parties relied on the amended deadlines in the joint submission, including the June 15 deadline to submit dispositive motions.  As detailed below, DTCA represented this state of affairs to the Court in its June 9 motion to again amend the scheduling order.

On June 9, DTCA filed an opposed motion to modify the amended dispositive motion deadline beyond what was previously agreed, from June 15, 2006 until August 15, because DTCA asserted that the additional interrogatory responses recently granted by the Court were necessary to its summary

judgment motion.  Doc. 101 to Case 99-3298.  This motion was filed more than

two months after the passage of the dispositive motion deadline in the Court's

last Scheduling Order.  However, in its motion for extension of time, DTCA

outlined the joint agreed motion and the agreed amended deadlines.  Further, it

stated:

> Since filing the joint motion, the parties have proceeded as if the
> proposed scheduling order deadlines were the operative scheduling
> order deadlines.  The parties thus completed the necessary expert
> witness discovery and DTCA prepared to file its summary judgment
> motion on June 15, 2006.

Doc. 101 at 2.

DTCA went on to request that the deadline be amended from June 15 until

August 15.  DTCA did not, however, request any change to the previous

response times agreed to by the parties and jointly submitted to the Court.   The

Court's granted DTCA's motion within five days and before Relator had an

opportunity to file a response. Doc. 1170.  There was no mention, in either

DTCA's motion or in its proposed Order, of any modification of the previously-

agreed response times.  As DTCA itself confirmed to the Court in its filing, these

were the deadlines under which the parties were operating.  DTCA never advised

Relator that it intended to modify response times by seeking an extension of the

agreed deadline to file a dispositive motion

Thus, DTCA filed its dispositive motion on August 11, 2006 and Relator

timely filed his response on September 25, 2006 within the 45 days allowed by

the agreed motion.  Docs. 118, 123, Case 99-3298.  Thereafter, DTCA filed its

reply brief, arguing that Relator's response was untimely under the Local Rules

*without not even mentioning* the parties' agreement and joint motion extending

the time for responses and replies.

    After receiving DTCA's reply brief, counsel for Relator wrote counsel for

DTCA and asked that DTCA correct the record.  Exhibit 1, attached hereto.

DTCA refused to correct the record and stated its previously-undisclosed position

that its motion for extension operated both to extend the dispositive motion

deadline *and* to obviate any previous agreement on response times. Exhibit 2.

DTCA now represents that:

> That motion and the accompanying proposed order did not ask the
> Court to extend any of the other deadlines contained within the
> Amended Scheduling Order. We did not contemplate that it was our
> obligation to ask for an extension of any deadlines other than our
> own. Had Relator wanted to establish a new and extended briefing
> schedule in response to DTCA's new dispositive motion deadline,
> he certainly was free to seek such relief from the Court.

Exhibit 2 at 1.

    DTCA's new position not only comes as a complete surprise to Relator,

but creates a perverse result.  DTCA jointly filed a motion with Relator to amend

the scheduling order that provided for an extended dispositive motion deadline

and an extended response time of 45 days.  Per that motion, the dispositive

motion deadline was June 15 and the response time was 45 days later, July 31,

2006 (Doc. 1140-1 at 2).  In its June 9 motion to further extend deadlines, DTCA

advised the Court that the parties had proceeded under the proposed scheduling

order deadlines and that it sought to extend the proposed deadline of June 15.

In fact, DTCA specifically and repeatedly stated "DTCA seeks only a 60-day

extension of its summary judgment deadline." Doc. 101 in Case 99-3298, June 9

Mtn at 5  If DTCA's position is that it extended only its own deadline from June 15 to August 15 and that the other deadlines remain as captioned in the proposed scheduling order, then Relator's responsive brief was actually due on July 31, 2006 *prior to the filing of DTCA's dispositive motion*.  If DTCA's position is that, contrary to the representations in its extension motion, it believed the parties were proceeding under the prior Scheduling Order rather than the proposed amended one, then the dispositive motion deadline actually expired *more than two months prior to DTCA filing its motion for extension.*

Of course, neither of these results makes sense.  The parties plainly agreed on a 45-day response time and represented this agreement to the Court. DTCA told the Court the parties were relying on the agreed proposal and never mentioned making any further changes to the timeline.[1]  Relator also relied on the representations in the agreed motion and submitted the response, as agreed, within 45 days of the filing of the dispositive motion.  DTCA's decision to belatedly switch its position is patent gamesmanship.

Relator respectfully submits that Relator's Memorandum in Opposition to DTCA's Motion for Judgment on the Pleadings was submitted timely.  If the Court determines otherwise, Relator respectfully submits that good cause exists to

---

[1] DTCA points to the Joint Status Report as evidence of explicit approval of its changed position because it referred to its motion in the 2-page chart of pending motions as "unopposed."  The parties have been submitting a monthly Joint Status Report with very little month-to-month edits or changes.  This edit was neither discussed nor flagged by DTCA.  Indeed, it was not even in the narrative portion of the report.  Relator's counsel did not notice this edit in what is usually a vanilla and straightforward chart of pending motions at the end of every status report.  Relator by no means intended to reverse prior agreements via this one word included by DTCA counsel in the monthly joint report, which was circulated and submitted 4 weeks <u>after</u> DTCA claims Relator's deadline passed.  Thus, this insertion cannot possibly be construed as timely notice by DTCA of its changed position and Relator's assent thereto.

grant leave to file the opposition *instanter.* The parties had operated under the previously-proposed, mutually-agreed schedule. The Court granted DTCA its requested 60-day extension of that proposed schedule. No mention was made of any other changes. Relator in good faith relied on the agreed 45 day response time. DTCA cannot possibly identify any prejudice to it in connection with this request; it continues to bicker with the position of the United States regarding discovery, and there are no scheduled events in this case.

As such, and for good cause shown, Relator also respectfully requests that the Court grant him leave to file his Memorandum in Opposition instanter if the Court concludes that his opposition was untimely filed.

Respectfully submitted,

s/Don McKenna
Scott A. Powell
Don McKenna
HARE, WYNN, NEWELL AND
NEWTON
The Massey Bldg. Suite 800
2025 Third Avenue North
Birmingham, AL 35203
Tel: (205) 328-5330
Fax: (205) 324-2165

Jennifer M. Verkamp
Frederick M. Morgan, Jr.
VOLKEMA THOMAS, L.P.A.
700 Walnut Street, Suite 400
Cincinnati, Ohio 45202-2015
Telephone: 513-651-4400

**Attorneys for Relator Pogue**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th of October, 2006, a copy of the foregoing was served via electronic mail upon:

Robert J. Walker
bwalker@walkerbryant.com

Kathryn Hays Sasser
ksasser@walkerbryant.com

Bryan E. Larson
blarson@bassberry.com

Brian Roark
Broark@bassberry.com

Melba Harmon
mharmon@bassberry.com

John R. Hellow
jhellow@health-law.com

Mark S. Hardiman
mhardiman@health-law.com

John S. Despriet
jdespriet@sgrlaw.com

Dana Richens
drichens@sgrlaw.com

Lory Klopfenstein
lklopfenstein@sgrlaw.com

Shani Cornelious
scornelious@sgrlaw.com

Rosemary Underwood
runderwood@sgrlaw.com

Chris Larson
J.Chris.Larson@usdoj.gov

Frederick M. Morgan, Jr.
rmorgan@vt-law.com

Jennifer M. Verkamp
jverkamp@vt-law.com

Mary Jones
mjones@vt-law.com

Scott Powell
scott@hwnn.com

Don McKenna
don@hwnn.com

Jamie Moncus
jamie@hwnn.com

Lynne Reed
lynne@hwnn.com


s/Don McKenna_____