# HELMER, MARTINS & MORGAN
## CO., L.P.A.

ATTORNEYS AT LAW

James B. Helmer, Jr.*
Paul B. Martins
Frederick M. Morgan, Jr.
Julie Webster Popham**
Jennifer M. Verkamp
Robert M. Rice
Donald G. Stiens, Jr.
*Also D.C. Bar
**Also KY Bar

Fourth & Walnut Centre, Suite 1900
105 East 4th Street
Cincinnati, Ohio 45202-4008

Telephone: (513) 421-2400
Telecopier: (513) 421-7902

Of Counsel:
Robert Clark Neff, Jr.

August 2, 2004

*Via facsimile and mail*

Brian Roark, Esq.
BASS, BERRY & SIMS PLC
AmSouth Center
315 Deaderick Street, Suite 2700
Nashville, TN 37238-3001

Re:   *U.S. ex rel. Pogue v. DTCA, et al.*

Dear Brian:

I am in receipt of your letter of July 28 which suggests that Relator has served subpoenas *duces tecum* on the United States without notice to the Defendants. As you and your co-counsel are aware, Relator repeatedly notified DTCA counsel that subpoenas *duces tecum* for claims data had been served on the United States. We addressed this issue specifically in our recent phone conversation of July 14. Because your subsequent letter makes no mention of the substance of that discussion, I will reiterate what was discussed regarding the repeated notice received by DTCA over the past year.

On July 14, I called you to notify you that we had received production of claims data in response to the subpoena *duces tecum* that we had served on the United States and that we were in the process of verifying the readability and responsiveness of such data. Because of this, I proposed to add language in the Joint Status Report to advise the Court that such production was complete, pending verification. As you are aware, the Joint Status Report has contained language regarding the pendency of Relator's subpoenas to the United States for claims information since August 2003.

In our July 14 phone conversation, I also advised you that, once we had completed this process, we would serve you with a disk containing responsive data. This is identical to the manner in which we handled the production of information in response to the prior subpoena for claims information related to West Paces Medical

Brian Roark, Esq.
August 2, 2004
Page 2 of 4

Center, which resulted in the production of a similar disk on July 23, 2003.

In that same conversation, you advised that you were having trouble locating copies of the subpoenas *duces tecum* we served on the United States. You stated that you were aware that DTCA was on notice of the service of such subpoenas and that Bob Walker had discussed such subpoenas with counsel for the Relator and the United States in the August 2003 meeting in Washington, D.C..

Because you were not in attendance at that meeting, I apprised you regarding the extent of such discussions, including the fact that Mr. Walker was given the opportunity by both counsel for Relator and the United States to object to the production of claims information in response to Relator's subpoena for claims information and was also advised of the expense involved in responding to the subpoena. In response, Mr. Walker asked counsel for the United States to delay responding to the subpoena in order for his client to consider engaging in settlement discussions. I told you that Mr. Walker later advised that his client would not engage in such discussions and that the United States should proceed in its search for responsive claims data in response to Relator's subpoena.

In addition to this discussion, I also advised you in our July 14 phone conversation that we had served you with written notice of service of the subpoenas. I also reminded you that notice of the subpoenas had appeared every month in the Joint Status Report. I advised that I had no recollection of DTCA ever requesting a copy of the subpoenas themselves, but would look into the matter and, in any event, would be happy to provide a copy of the subpoenas *duces tecum*. I advised that I was preparing for trial and would look into this issue thereafter. You did not indicate any objection or disagreement.

After having these extensive discussions, I was surprised to receive your July 28 letter which contained none of these details and claimed, to the contrary, that Relator has served subpoenas *duces tecum* on the United States without giving notice to the defendants. You also attach a May 10, 2002 Notice as an example of the only Notice you alleged to have received.

Your letter is far afield of the facts. You and your co-counsel have received multiple and ample notice of the fact that Relator served subpoenas *duces tecum* on the United States for claims information. As you are aware, Relator served two subpoenas *duces tecum* for such information  The first one, attached here at Tab 1, related to claims information related to West Paces Medical Center and the five Atlanta Physicians. The second one, attached here at Tab 2, related to claims information related to all other hospitals. Relator served DTCA with Notice of service of these subpoenas by overnight mail and electronic mail on July 15, 2003. That Notice is attached at Tab 3 and a copy of the email to your co-counsel attaching that Notice is

Brian Roark, Esq.
August 2, 2004
Page 3 of 4

attached at Tab 4. Relator produced a CD containing data related to claims caused to be submitted by the five doctor defendants and West Paces Medical Center on July 23, 2003. That enclosure letter is attached at Tab 5.

The West Paces claims data was produced shortly before a meeting between counsel for DTCA, Relator, and the United States in August 2003. At that meeting, counsel engaged in extensive discussion regarding the information on the claims disk related to West Paces. In addition, as mentioned above, extensive discussions also took place regarding the substantial time and expense involved in responding to Relator's subpoena seeking the same information regarding the rest of the hospitals. Mr. Walker, Bryan Larson, and Kathryn Hays Sasser were all in attendance at that meeting. They received personal notice of the nature, extent, and expected production regarding Relator's subpoenas *duces tecum*. After that meeting, both counsel for the Relator and the United States engaged in a series of calls with Mr. Walker regarding whether DTCA had any objections to the United States moving forward in responding to the subpoena *duces tecum* regarding all hospitals other than WPMC. In fact, I understand that Mr. Walker told counsel for the United States that he had checked with his client and that it was acceptable for the United States to proceed in responding to the subpoena.

Your current position, almost a year later, that you did not have notice of such subpoenas *duces tecum* is absurd. Rule 45(b)(1), Fed. R. Civ. P., provides for prior notice of any commanded production of documents or things. As detailed above, we provided such notice both personally and in writing on multiple occasions. I trust I have refreshed your collective memories—and your records—and that there is no further need to discuss whether or not proper notice was served.

You also demand information regarding whether the United States lodged any objections to the subpoenas *duces tecum*, including all communications between the United States and Relator. At the outset, I note that Rule 45 contains no requirement that Relator produce such communications, much less that Relator produce communications between parties that share a joint prosecutorial privilege. Relator will not be producing communications between counsel for the United States and Relator, and your demands for the same are improper. As I already advised you, Relator will be supplementing his production with responsive information received from CMS.

More importantly, however, I note again that counsel for DTCA participated in multiple discussions with counsel for the United States and Relator regarding the nature and extent of the United States' responses to the subpoenas. As such, DTCA's purported "lack of awareness" of the nature of the United States' response is disingenuous. Moreover, unlike DTCA, Relator's counsel met and conferred with counsel for the United States *in advance* of serving the subpoenas *duces tecum* to ensure that the *duces tecum* was narrowly tailored to obtain the information sought

Brian Roark, Esq.
August 2, 2004
Page 4 of 4

regarding the claims caused to be submitted by DTCA. In fact, the May 10, 2002 subpoena *duces tecum* attached to your letter is an excellent example of this process. Relator's counsel was aware of potentially-responsive documents already produced by HCA in the multi-district litigation. Relator's counsel met-and-conferred with the United States to obtain such information in the most expedient and least-burdensome manner possible, consistent with the purpose of an MDL.

Please advise if you have any additional issues that need clarification.

Sincerely,

Jennifer M. Verkamp

cc: Bob Walker, Esq.
Don McKenna, Esq.
Jonathan Diesenhaus, Esq.