# BASS, BERRY & SIMS PLC
A PROFESSIONAL LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW

BRIAN D. ROARK
TEL: (615) 742-7753
FAX: (615) 742-0442
broark@bassberry.com

AMSOUTH CENTER
315 DEADERICK STREET, SUITE 2700
NASHVILLE, TN 37238-3001
(615) 742-6200

NASHVILLE DOWNTOWN
NASHVILLE MUSIC ROW
KNOXVILLE
MEMPHIS

www.bassberry.com

January 4, 2006

**VIA FACSIMILE AND U.S. MAIL**

Don McKenna, Esq.
Hare, Wynn, Newell & Newton
800 The Massey Building
2025 Third Avenue, North
Birmingham, Alabama 35203

    Re:   *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc., et al.*, Case No. 99-3298 (RCL); MDL No. 2001-MS-50, U.S.D.C., District of Columbia

Dear Don:

    On November 28, 2005, I contacted you by email regarding claims data produced by the United States to Relator A. Scott Pogue in this case. Specifically, I requested that you confirm that the two sets of Medicare claims data provided by Relator to DTCA constitute all claims data that has been produced to Relator by the United States. To date, you have not responded to this request.

    As I noted in my email, Relator has provided DTCA with two sets of claims information which Relator indicated had been produced to Relator by the United States in response to subpoenas duces tecum served by Relator on the Centers for Medicare and Medicaid Services ("CMS").

    First, Relator provided DTCA with a copy of a computer disk that had been produced to Relator by the United States, which contains claims data relating to the five defendant physicians who served as medical directors at West Paces Medical Center: Judson G. Black, Bruce W. Bode, Paul C. Davidson, Anthony Karpas, and Robert Dennis Steed. The computer disk was produced to Relator on July 16, 2003, with a letter from Jonathan Diesenhaus to Jennifer Verkamp. According to Mr. Diesenhaus, the Government was providing the claims information on the computer disk to Relator in response to Relator's subpoena duces tecum for claims information relating to the five West Paces medical directors served on the United States on July 7, 2003.

Don McKenna, Esq.
January 4, 2006
Page 2

Second, on August 6, 2004, Relator provided DTCA with a second computer disk. According to Relator's counsel, this computer disk contains claims data produced by the United States in response to Relator's subpoena duces tecum. Presumably, Relator's counsel was referring to a second subpoena served by Relator on the United States on July 15, 2003, which sought claims information for certain hospitals that contracted with DTCA other than West Paces Medical Center.

Relator also provided DTCA with a copy of an April 16, 2004 letter from Michael Herman at CMS to Don McKenna. Mr. Herman's letter indicates that CMS was enclosing a replacement computer disk containing Medicare claims data requested by Relator. By Mr. Herman's reference to "replacement" computer disk, I assume that CMS earlier had provided Relator with an original computer disk with claims information for hospitals other than West Paces. It is my understanding that this original computer disk was not provided to DTCA.

Other than the two computer disks referenced above, Relator has provided DTCA with no other claims information produced by the United States.

On December 15, 2005, Relator served DTCA with the expert report of Alan Thibault, which contains Mr. Thibault's analysis of the amount of Medicare payments to hospitals under contract with DTCA resulting from DTCA medical director referrals to those hospitals. According to the report, Schedule A contains an analysis of "actual paid electronic claims data secured from the Center of Medicare and Medicaid Services (CMS)." Mr. Thibault's report identifies the source of the "electronic paid claims data" as data extracted by Michael Herman of CMS on April 16, 2004.

The actual paid claims information contained in Schedule A of Mr. Thibault's report does not correlate with claims information contained on the two computer disks provided to Relator by DTCA. Specifically, both the number of claims submitted and the amount of Medicare payments for those claims contained in Schedule A appear to exceed the numbers contained in the data provided to DTCA by Relator.

While it will not be surprising for Relator and DTCA to disagree over damages calculations that are based on estimates and extrapolations, with respect to actual paid claims information, both Relator and DTCA should be working from the same set of "hard" numbers. For this reason, it is disturbing to DTCA to observe such wide disparities in the actual paid claims numbers contained in Relator's expert report and the numbers contained in the data provided to DTCA by Relator.

DTCA needs Relator to confirm as soon as practicable that DTCA is working with the same data set of claims paid information as Relator's expert. First, DTCA requests that Relator confirm that an identical copy of the computer disk produced to Relator by Jonathan Diesenhaus on July 16, 2003, has been provided to DTCA. Second, please confirm that an identical copy of the computer disk produced to Relator by Michael Hermann on April 16, 2004, has been provided to DTCA. Third, please confirm

Don McKenna, Esq.
January 4, 2006
Page 3

that in creating Schedule A, Mr. Thibault has relied upon no data other than data contained on the Diesenhaus computer disk and the Hermann computer disk.

DTCA also requests that Relator provide to DTCA any information received from the Government regarding the claims data. For example, in Chris Herman's April 16, 2004 letter to Don McKenna, Mr. Herman indicated that he was enclosing record formats and record counts for the claims information being produced. Jennifer Verkamp provided DTCA with two pages of file specifications and record layouts when she provided the second computer disk to DTCA on August 6, 2004. However, it is my understanding that DTCA has not been provided information regarding record counts. DTCA requests that Relator provide the record count information and any other information received from the Government related to the claims data.

Once DTCA and Relator have confirmed that the parties are comparing "apples to apples," then DTCA requests to confer with Relator regarding any discrepancies related to the actual paid claims data. To the extent that Relator has not provided to DTCA any claims information received from the United States on which Relator's expert report is based, then, in addition to any other necessary remedies, DTCA expects a reasonable accommodation from Relator regarding the deadline for DTCA to submit its expert reports.

We appreciate your prompt attention to this matter.

Very truly yours,

Brian D. Roark

BDR/acr

cc:   Bryan E. Larson
      Robert J. Walker/Kathryn H. Sasser
      John Hellow/Mark Hardiman
      John Despriet/Dana Richens